IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | | CIVIL ACTION NO. 11-00689-KD-B |
| ) | | |
| HENRY HESTER PLAUCHE, JR., ) | | |
|     Defendant. ) | | |

**ORDER**

This action is before the Court on a review of Plaintiff Whitney Bank's "Motion for Summary Judgment" (Docs. 18-19) and Supplement thereto (Doc. 28).

**I.    Findings of Fact**

Plaintiff Whitney Bank "Whitney Bank" initiated this litigation for breach of contract against Defendant Henry Hester Plauche, Jr. ("Plauche") due to his default on two (2) loans.[1] (Doc. 1). Specifically, on May 15, 2007, Plauche executed a Balloon Note in the amount of $377,100.00 in favor of Whitney Bank. (Doc. 18-2). The Balloon Note was secured by a Mortgage that Plauche executed in favor of Whitney Bank granting the bank a security interest in certain real property located at 17110 Tennis Club Drive, Unit V-5A in Baldwin County, Alabama. (Doc. 18-3). On June 21, 2011, Whitney Bank, c/o its counsel, sent Plauche a notice of default and provided him with 30 days within which to cure pursuant to the terms of the Note. (Doc. 28 at 9-10). Plauche failed to do so and thus defaulted under the terms of the Note and Mortgage and on July 27, 2011 Whitney Bank accelerated the indebtedness. (Doc. 18-5 (Aff.

---

[1] In light of Whitney Bank's "Response to Court Order Regarding Amount in Controversy" (Doc. 28), the Court finds that the amount in controversy requirement is met based on the accrued interest prior to maturity of the loans plus the principle owed.

Martin); Doc. 28 at 11-12).[2]  The Mortgage contains a Power of Sale provision for non-judicial foreclosure of the collateral and on October 31, 2011, Whitney Bank conducted a foreclosure sale on the property.  Whitney Bank was the successful bidder.  (Doc. 18-3 at 13; Doc. 18-4).  The foreclosure left a deficiency balance which totals $77,765.21 ($64,234.45 in principal, $13,180.76 in accrued interest and $350.00 for an appraisal fee), excluding continuing interest, costs and expenses.  (Doc. 18-5 (Aff. Martin)).  The Balloon Note and Mortgage both provide for recovery of collection costs/expenses including reasonable attorneys' fees.  (Doc. 18-2 at 2; Doc. 18-3 at 13).

Additionally, on December 30, 1998, Plauche executed a Personal Line of Credit Agreement and Disclosure in the amount of $5,000.00 in favor of Whitney Bank.  (Doc. 18-6).  Subsequently, Plauche defaulted under the terms of the Agreement and Whitney Bank accelerated the indebtedness. Presently, a balance remains under the Loan Documents in the amount of $4,041.03 (principal balance $3,425.08 and $615.95 accrued interest), excluding continuing interest, costs and expenses.  (Doc. 18-5 (Aff. Martin)).  The Agreement also provides for recovery of collection costs including reasonable attorneys' fees.  (Doc. 18-6 at 2).  The Agreement provides that Mississippi law is the governing law.  (Doc. 18-6 at 3).

Whitney Bank also contends that it has incurred **$8,639.80** in attorneys' fees and expenses to collect on Plauche's debt.  (Doc. 18-7 at 2 (Aff. Dike); Doc. 28).[3]  Accordingly, Whitney Bank seeks to recover the total sum of **$81,806.24** plus interest, late fees, and **$8,639.80** in attorneys' fees and costs/expenses against Plauche.  (Id.)

---

[2] Jeremy Martin is an Assistant Vice-President at Whitney Bank.  (Doc. 18-5 at 1).

[3] Annie J. Dike is counsel for Whitney National Bank.  (Doc. 18-7 at 1).

**II.     Conclusions of Law**

**A.      Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010).   Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).  The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a

sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

Defendant Plauche failed to file any opposition to the motion for summary judgment. As such, the Court construes the motion as unopposed. Specifically, LOCAL RULE 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

> Within thirty (30) days…[of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D.ALA.L.R. 7.2(b). Because Defendant Plauche has failed to point out any disputed facts due to a lack of response to the pending motion, its "[f]ailure to do so will be considered an admission that no material factual dispute exists." L.R. 7.2(b). See, e.g., Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006) (unpublished) (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of

facts in accordance with the Federal Rules of Civil Procedure and the Local Rules[]").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985). Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id. In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," Id. at 1101, and noted the provision in Fed.R.Civ.P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" Id. at 1101 (emphasis in original); see also Trustees of the Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

**B.     Breach of Contract**

Whitney Bank alleges that Plauche breached the contracts via non-performance (default). As the Note and Mortgage are governed by Alabama law (Doc. 18-3 at 11 at ¶16) and the Credit Line is governed by Mississippi law (Doc. 18-6 at 3), the Court addresses each separately.

**1.     The Balloon Note & Mortgage: Alabama law**

To prevail on its breach of contract claim, Whitney Bank must establish the following elements: 1) a valid contract binding the parties; 2) its performance under the contract; 3) Plauche's non-performance; and 4) resulting damages. See, e.g., Shaffer v. Regions Fin. Corp.,

29 So.3d 872, 880 (Ala. 2009); Vision Bank v. Algernon Land Co., L.L.C., 2011 WL 1380062, *7 (S.D. Ala. Apr. 12, 2011); Wachovia Bank, NA v. L&H Investments, LLC, 2010 WL 3825572, *4 (M.D. Ala., Sep. 24, 2010).

The Court has considered the merits of Whitney Bank's motion and is satisfied that the record supports a finding that Plauche breached the Note and Mortgage.  Specifically, Plauche executed the Note and Mortgage – valid contracts binding the parties -- in favor of Whitney Bank and is liable on the subject debt.  Plauche failed to make payments as they became due. Pursuant to the terms of the documents, Plauche is in default. Whitney Bank properly accelerated the principal balance of the Note and Mortgage.  Plauche failed to pay the entire indebtedness due.  Plauche has, thus, failed to fulfill his contractual obligations to Whitney Bank.   Further, as Plauche failed to respond on summary judgment he has admitted that there are no genuine issues of material fact concerning the breach of contract claim against him under Alabama law (*i.e.*, admitting there is a valid contract, Whitney Bank performed, Plauche did not perform, and damages resulted to Whitney Bank).  Accordingly, Whitney Bank's motion against Plauche for breach of contract as to the Balloon Note and Mortgage is **GRANTED.**

  **2.**  **Credit Line Agreement: Mississippi law**

To prevail on its breach of contact claim, Whitney Bank must establish: 1) the existence of a valid and binding contract; and 2) that Plauche has broken or breached the contract.[4] Business Comm., Inc. v. Banks, 90 So.3d 1221, 1225 (Miss. 2012).  However, a plaintiff seeking monetary damages for breach of contract (as is the case here for Whitney Bank) "must put into evidence, with 'as much accuracy as possible, proof of the damages being sought." Id.

---

[4] In Mississippi, monetary damages are not required to prevail on a breach of contract claim. Banks, 90 So.3d at 1225 (citing Warwick v. Mattheney, 603 So.2d 330 (Miss. 1992)).

The Court has considered the merits of Whitney Bank's motion for summary judgment and the record reveals that Plauche breached the Credit Line Agreement. Specifically, Plauche executed the Agreement in favor of Whitney Bank and is liable on the subject debt. Plauche has failed to make payments as they became due under the Agreement. Pursuant to the terms of the Agreement, Plauche is in default. Whitney Bank properly accelerated the principal balance of the Agreement. Plauche failed to pay the entire indebtedness due. Plauche has, thus, failed to fulfill his contractual obligations to Whitney Bank. Further, as Plauche failed to respond on summary judgment he has admitted that there are no genuine issues of material fact concerning the breach of contract claim against him under Mississippi law (*i.e.*, admitting there is a valid contract and that Whitney Bank performed, as well as that Whitney Bank has supplied accurate evidence regarding proof of the damages sought). Accordingly, Whitney Bank's motion against Plauche for breach of contract as to the Credit Line Agreement is **GRANTED.**

### III.   Attorneys' Fees & Costs/Expenses

Whitney Bank seeks **$8,639.80** in attorneys' fees and costs/expenses for **38.8 hours**[5] of billed work to litigate this action against Plauche pursuant to the terms of both contracts (Doc. 18-7 at 2 (Aff. Dike); Doc. 28; Doc. 28 at 13-49 (Aff. Hartley and exhibits thereto)), as each provide for recovery of collection costs and expenses including reasonable attorneys' fees (Doc. 18-2 at 2, Doc. 18-3 at 13, Doc. 18-5 at 2). While the Balloon Note and Mortgage are governed by Alabama law and the Credit Line Agreement is governed by Mississippi law, the determination of reasonable attorneys' fees and costs are substantially similar because both states

---

[5] As indicated herein, Whitney Bank has incorrectly calculated the hours of billed work. The Court has noted as such where appropriate and calculated the lodestar amount on the number of hours actually billed per the submitted billing statements in the record.

favor the lodestar approach.[6]  Thus, the Court will address fees and costs under Alabama's lodestar method.

An "attorney fee may be recovered based on a contract, statute, or special equities." Hartford Acc. & Indem. Co. v. Cochran Plastering Co., Inc., 935 So.2d 462, 472 (Ala. Civ. App. 2006) (citations omitted).  See also e.g., Subway Restaurants, Inc. v. Madison Square Assoc., Ltd., 613 So.2d 1255, 1257 (Ala. 1993). Whitney Bank claims entitlement to reasonable attorneys' fees and costs/expenses pursuant to the contractual terms of the Balloon Note & Mortgage and Credit Line Agreement (*i.e.*, based on contract).

In the Eleventh Circuit, courts apply the "lodestar" method -- multiplying the hours reasonably expended by a reasonable hourly rate -- to make such an assessment.  Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).  The 12 factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may aid a court in determining a

---

[6] In Mississippi, the reasonableness of attorney's fees is determined by the application of eight factors found in Rule 1.5(a) of the Mississippi Rules of Professional Conduct which provides as follows:

> A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

BellSouth Personal Communications, LLC v. Board of Sup'rs of Hinds County, 912 So. 2d 436, 445-446 (Miss. 2005).  The Court further explained that "[t]hese factors are also known as the McKee factors as they were laid out for the first time by this Court in McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982)." Id. at 446.  These factors are "almost like the 'lodestar' factors" and that a "useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." Id. at 447. In that regard, the Mississippi Supreme Court also "adopted federal precedent and cited with approval federal cases applying the lodestar factors," finding that "[t]his approach followed by the Supreme Court in regard to federal fee shifting statutes is both logical and fair." In re Estate of Gillies, 830 So.2d 640, 645-646 (Miss. 2002).

reasonable hourly rate and thereby affect the lodestar analysis. (Id.) Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359, n.1 (11th Cir. 2006) (citing Johnson, 488 F.2d at 717-19).

### A. Reasonable Rate

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

#### 1. Partners

Whitney Bank seeks recovery for the time billed (8.50 hours) by three (3) partners at the rate of $245/hour: JJH, TRL and RCB. Whitney Bank has provided no specific information as to partners TRL and RCB for their 1.40 hours of billed time– relating to their respective years of experience and/or expertise. Rather, Whitney Bank simply asserts that other attorneys in the

office have extensive experience in their respective fields.  (Doc. 28 at 14 at ¶5)).  Thus, the Court is faced with an "indeterminate experience" situation for these two (2) partners.  In such "indeterminate experiences" concerning law firm partners, this Court has awarded a rate of $225/hour.  See, e.g., Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011).  As such, their time will be awarded at the rate of **$225/hour.**

Whitney Bank has submitted the affidavit of partner JJH which outlines his expertise and experience (practicing 15 years, service on the Senate Judiciary Committee, etc.), in support of his 7.10 hours of billed time.  (Doc. 28 at 13 at ¶3)).  The Court recently determined $250/hour to be a reasonable rate for an attorney with 15 years of experience as a law firm partner.  See Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011).  See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour).  As such partner JJH's time will be awarded at the rate of **$245/hour.**

2. **Associates**

Whitney Bank seeks recovery for the time billed (20.2 hours)[7] by one (1) associate at the rate of $215/hour: AJD.  The requested rate for this associate is unreasonable inasmuch as the rate exceeds rates that the undersigned and other judges in the Southern District of Alabama have found to be reasonable for associates.  See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., 2011 WL 2180358, *3-5 (S.D. Ala. June 1, 2011) (finding $150/hour to be a reasonable rate for second-year associate who was Order of the Coif, served on the Law Review of his law school, and clerked for an Eleventh Circuit judge); Gulf Coast Asphalt Co., L.L.C v. Chevron U.S.A.,

---

[7] The Court's review of the record reveals that the associate billed time totals 20.2 hours, not 18.7 as Whitney Bank suggests (Doc. 28 at 15 at ¶10).

Inc., 2011 WL 612737, *4  (S.D. Ala. Feb. 11, 2011) (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate). Whitney Bank has only provided information as to the associate's years of experience (five (5)), but no information as to her background and/or expertise.  Thus, the Court is faced with an "indeterminate experience" situation for associate AJD.  In such "indeterminate experiences" concerning law firm associates, this Court has awarded a rate of $150/hour.  See, e.g., Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011). Thus, the Court finds that the rate of **$150/hour** is a reasonable rate in this case for associate AJD.

    **3.**    **Paralegals**

Whitney Bank seeks recovery for the time billed (11.8 hours)[8] by three (3) paralegals for this case at the rate of $95/hour:  DWC, KTM and MCW.  (Doc. 28 at 18-49).  The Court rejects as unreasonable the requested hourly rates of $95.00/hour for the paralegals.  In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work.  See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011). Plaintiff has not demonstrated that any of these paralegals possess qualifications that might merit rates 20% greater than that which the Court has approved consistently within the past year for other paralegals in other cases.  Thus, the Court finds that the paralegal time allowed in this case will be reimbursed at the rate of **$75/hour.**

---

[8] The Court's review of the record reveals that the paralegal billed time totals 11.8 hours, not 11.6 as Whitney Bank suggests (Doc. 28 at 15 at ¶10).

B.      **Recoverable Time**

Whitney Bank seeks recovery of **40.5 hours**[9] of work in this case. (Doc. 28). In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted). The Court's review of the record reveals that the number of hours requested are supported by the attorneys' descriptions relating to each billed block of time and are reasonable to have billed for the work performed. Thus, the Court awards Whitney Bank **$5,969.50** for **40.5 hours** billed, as follows:

| NAME | RANK | REASONABLE RATE | REASONABLE TIME | FEE TOTAL |
|---|---|---|---|---|
| JJH | Partner | $245/hour | 7.10 hours | $1,739.50 |
| TRL and RCB | Partners | $225/hour | 1.40 hours | $315.00 |
| AJD | Associate | $150/hour | 20.2 hours | $3,030.00 |
| MCW, KTM and DWC | Paralegals | $75/hour | 11.8 hours | $885.00 |

C.      **Costs/Expenses**

Whitney Bank contends that it has incurred **$1,434.80** in reasonable costs/expenses in this case for recording costs, copies, title documents, publication notices, court costs, pacer research,

---

[9] The Court's review of the record reveals that the hours billed totals 40.5 hours, not 38.8 as Whitney Bank suggests (Doc. 28 at 15 at ¶10).

process server fees, an appraisal fee, mileage, etc. (Doc. 28 at 15 (Aff. Hartley)). Based on the terms of the loan documents, the Court finds that Plaintiff is entitled to recover expenses/costs. See, e.g., Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993) (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]"). As such, Whitney Bank is due **$1,434.80** in costs/expenses.

**IV.    Conclusion**

Accordingly, it is **ORDERED** that Plaintiff Whitney Bank's Motion for Summary Judgment (including request for attorneys' fees and costs/expense) is **GRANTED in part** and **DENIED in part** as follows: **GRANTED** as to Whitney Bank's motion for summary judgment against Defendant Henry Hester Plauche, Jr. such that he is liable to Whitney Bank in the amount of **$81,806.24** (plus interest and late fees as of the date of this Order) for breach of contract; and **DENIED** (in part) as to Whitney Bank's request for attorneys' fees as only **$5,969.50** in attorneys' fees and **$1,434.80** in costs/expenses are awarded in favor of Whitney Bank.

A **Final Judgment** consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this **18th** day of **October 2012.**

s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**